UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00853-GNS-LLK

DEBORAH YVETTE PAYTON                                                                             PLAINTIFF

v.

JUDGE AUDRA J. ECKERLE                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (DN 27) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 24) regarding Defendant's Motion to Dismiss (DN 13). The matter is now ripe for adjudication. For the reasons that follow, the Magistrate Judge's R. & R. is **ADOPTED** to the extent it recommends dismissal pursuant to the *Rooker-Feldman* doctrine, the objection is **OVERRULED**, and the motion is **GRANTED**.

### I.      BACKGROUND

Plaintiff Deborah Yvette Payton ("Payton") asserts claims against Defendant Judge Audra J. Eckerle ("Judge Eckerle") who is a Kentucky state court judge in Jefferson Circuit Court. (Am. Compl. ¶ II.B, DN 5). Payton's daughter was a party in a family court matter that did not terminate in her favor. (Am. Compl. Ex., at 27, DN 5-1). Payton's daughter then filed suit regarding the same family law matter in Jefferson Circuit Court, but the case was dismissed. (Am. Compl. Ex., at 27). Payton then filed suit herself, again in Jefferson Circuit Court, and Judge Eckerle was the presiding judge. (Am. Compl. Ex., at 24).

Payton was originally granted default judgement against all five defendants in that action. (Am. Compl. ¶ III.E). Judge Eckerle later issued an order setting aside the default judgments, an

1

action Payton alleges was done "in clear absence of jurisdiction" and was based on information that Judge Eckerle had falsified. (Am. Compl. ¶ III.G). Specifically, Payton alleges that Judge Eckerle incorrectly recorded that a defendant, Nu'Man PLLC, had filed an answer when in reality it was a different defendant, an individual named Felicia J. Nu'Man, who had filed the answer. (Am. Compl. ¶ III.G.2-3). Additionally, Payton alleges that Judge Eckerle changed the date upon which that answer was filed to indicate that it was filed at the time default judgment was entered. (Am. Compl. ¶ III.G.2-3). Ultimately, Judge Eckerle dismissed Payton's case because it was "barred by issue and claim preclusion." (Am. Compl. Ex., at 27).

Payton then filed this present action against Judge Eckerle under 42 U.S.C. § 1983 for dismissing the state court action, for depriving Payton of a hearing, and for violating her First Amendment rights by threatening Payton if she filed an appeal. (Am. Compl. ¶ IV).

## II.     STANDARD OF REVIEW

District courts review the parts of a magistrate judge's R. & R. to which objections are raised *de novo*, and, in doing so, may accept, reject, or modify, in whole or in part, the R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## III.     DISCUSSION

The R. & R. correctly concluded that the Court does not have subject matter jurisdiction over Payton's claims under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final adjudications of a state court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). To determine whether constitutional claims are "inextricably intertwined" with a state court decision, a court must determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 755

(citation omitted). In other words, if the plaintiff maintains an injury separate from the loss in state court, the constitutional claims are not inextricably intertwined with the state court judgment. *Id.* Therefore, the *Rooker-Feldman* doctrine is different from *res judicata* in that the *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state court, but also prevents review of constitutional challenges alleging that the state court's action was unconstitutional. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 902 (9th Cir. 2003).

Reviewing the Complaint, it is clear that Payton does not allege an injury independent of Judge Eckerle's state court decision. Payton seeks redress for injuries allegedly sustained in Jefferson Circuit Court, alleging that Judge Eckerle violated her constitutional rights by dismissing the state court action, for depriving Payton of a hearing, and threatening Payton if she filed an appeal. (Am. Compl. ¶ IV). The underlying injury Payton alleges is that because of Judge Eckerle's allegedly unconstitutional actions, the state court action was not terminated in Payton's favor. Absent Judge Eckerle's dismissal of the case, Payton would not have an injury for which to seek relief. Determining the truth of Payton's allegation would necessarily require a review of the state court decision, making Payton's constitutional claims "inextricably linked" to the state court action. Instead, if Payton wanted to pursue a claim for violation of her constitutional rights in the state court action, she should have pursued this claim with the state appellate courts. "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983 (1982)." *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986).

Payton argues that the *Rooker-Feldman* doctrine does not apply to this case because there is not a judgment on the merits, citing *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380

3

(6th Cir. 2021).[1]  (Pl.'s Obj. 10).  In *RLR Investments*, the court found that a "judgment" for the purpose of the *Rooker-Feldman* doctrine must be on the merits meaning the judge "investigates, declares and enforces liabilities as they stand on present or past facts and under laws."  *Id.* at 393 (internal quotations omitted) (citation omitted).  Payton argues that because Judge Eckerle did not investigate, declare, and enforce substantive elements there has been no judgment on the merits and the *Rooker-Feldman* doctrine does not apply.  (Pl.'s Obj. 10).  This argument lacks merit.  The discussion in *RLR Investments* clearly references the reviewability of different types of judgments rather than a review of how particular judgments were decided.  *RLR Invs.*, 4 F.4th at 393.  Further, Judge Eckerle's opinion dismissing Payton's case demonstrates a full consideration of Payton's case that satisfies any investigative or enforcement requirements.  (*See* Am. Compl. Ex., at 24).[2,3]

---

[1] Payton also objects to the Magistrate Judge conducting a "review of the state court decision" and ignoring that Judge Eckerle deprived Payton of her constitutional rights under three separate counts of Section 1983. (Pl.'s Obj. 4-6).  The Magistrate Judge concluded that Payton's Section 1983 claims should be dismissed because of lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. (R. & R. 3-5). Therefore, an in-depth analysis of the validity of Payton's Section 1983 claims is unnecessary because they were correctly dismissed on alternative grounds.

[2] Although the R. & R. also invokes judicial immunity, a ruling on the merits is not permitted where, as here, the Court lacks subject matter jurisdiction.

[3] Because the Court does not have jurisdiction over this matter, Payton's other objections are moot. If not moot, however, the objections still lack merit.

 Payton objects that the R. & R. was premature because there were still pending motions when the R. & R. was entered.  (Pl.'s Obj. 1-4, DN 27).  At the time the R. & R. was entered, Payton had not filed a reply to Judge Eckerle's Response to Plaintiff's Motion to Modify Prayer for Relief, Hearing and Discovery.  (Def.'s Resp. Pl.'s Mot. Modify Prayer Relief, Hr'g, & Disc., DN 23).  Payton is not prejudiced by her inability to reply to Judge Eckerle's response because the R. & R. recommending dismissal of the case rendered the remaining pending motions moot.  *See McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc).  "[T]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."  *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (internal quotation marks omitted) (citing *McPherson*, 119 F.3d at 458).

 Payton next complains that the Magistrate Judge erred by disregarding, and in effect denying, her motion for a hearing because Fed. R. Civ. P. 12(i) requires a hearing if requested. (Pl.'s Obj. 1-4).  Under Rule 12(i), a hearing is required when both (1) a party has asserted a defense under Rule 12(b) **and** (2) a party has made a motion under 12(c). Fed. R. Civ. 12(i).  In this case, Judge Eckerle moved to dismiss for lack of subject matter jurisdiction under Rule

## IV.	CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.	The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 24) is **ADOPTED** to the extent it recommends dismissal pursuant to the *Rooker-Feldman* doctrine.

2.	Plaintiff's Objection (DN 27) is **OVERRULED**.

3.	Defendant's Motion to Dismiss (DN 13) is **GRANTED**, and the Complaint (DN 1) is **DISMISSED**.

4.	The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 30, 2022

cc:	counsel of record
	Plaintiff, *pro se*

---

12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss 1, DN 13). There has not, however, been a Rule 12(c) motion for judgment on the pleadings. Therefore, the Magistrate Judge did not err by disregarding Payton's motion for a hearing because no hearing was required. Fed. R. Civ. 12(i).

Payton also objects that the R. & R. did not construe the Complaint in the light most favorable to her and that some of the factual findings are "clearly erroneous." (Pl.'s Obj. 12-14). Specifically, Payton objects to the R. & R.'s statement: "The daughter then filed a complaint in the Jefferson Circuit Court, which Judge Audra J. Eckerle . . . dismissed." (R. & R. 1). According to the Complaint, Payton's daughter filed a claim in Jefferson Circuit Court that was dismissed. (Am. Compl. Ex., at 27). Whether Judge Eckerle was the judge in the daughter's case has no bearing on the fact that Judge Eckerle later dismissed Payton's case for res judicata. It likewise plays no role in the R. & R.'s overall recommendation that Payton's claims be dismissed.